# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**April 22, 2024**

ASHLEY N. DEEM, DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**STEVEN DOUGLAS DYE,**
**Respondent Below, Petitioner**

**v.) No. 23-ICA-273**     (W. Va. Bd. of Architects, Case Nos. 07-07-2022, 07-28-2022, and 09-07-2022)

**WEST VIRGINIA BOARD OF ARCHITECTS,**
**Complainant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Steven Douglas Dye appeals the May 16, 2023, *Final Decision and Order* of the West Virginia Board of Architects ("Board"). In its order, the Board suspended Mr. Dye's architecture license and held disposition of his several disciplinary complaints in abeyance pending resolution of related pending criminal charges. The Board filed a response.[1] Mr. Dye did not file a reply. Mr. Dye challenges the merits of the Board's suspension on appeal.

After considering the record on appeal, and the applicable law, this Court finds the *Final Decision and Order* on appeal is not a final order; and therefore, this case is not ripe for appellate review pursuant to West Virginia Code § 51-11-4 (2022). As explained below, a memorandum decision dismissing this appeal as improvidently granted is appropriate under Rule 21 of the Rules of Appellate Procedure.

Because we are disposing of this appeal by dismissal, our recitation of the factual and procedural history of the case will be brief. Mr. Dye was licensed by the Board as a registered architect. This case stems from three administrative complaints which were filed with or by the Board related to Mr. Dye's alleged professional misconduct between the years 2019 and 2022. The primary allegation from those complaints is that Mr. Dye was hired as the general contractor for two separate projects but after being paid the amounts due to him under the contracts, he performed minimal work and abandoned the projects. Criminal complaints were also made to law enforcement. This resulted in Mr. Dye being indicted on multiple felony charges in two different West Virginia counties for his alleged conduct.[2]

---

[1] Mr. Dye is self-represented. The Board is represented by Mark S. Weiler, Esq.

[2] The two initial complaints were from former clients, Dickerson and Vladu, who hired Mr. Dye as the general contractor for their respective projects that he designed. The

By letter and order dated December 13, 2022, the Board informed Mr. Dye that after reviewing the three pending complaints, it had voted to summarily suspend his license pursuant to West Virginia Code § 30-1-8(e)(1) (2005), based upon its determination that his "continuation in the practice of architecture . . . pose[d] an immediate danger to the public, in part, due to the recent criminal complaints issued . . . and as a result of [his] admitted ignorance of the . . . [Board]'s rules and statutes governing the practice of architecture."[3] The December 13, 2022, letter further stated:

> Based on the foregoing the Board hereby concludes that Respondent Steven D. Dye's continuation in the practice of architecture at this time constitutes an immediate danger to the public. Accordingly, his license or registration to practice architecture is hereby **SUSPENDED** pending resolution of the disciplinary complaints and criminal complaints that have been filed against him. Respondent is directed to surrender his registration or license to the Board immediately.

The letter also provided that in the interim, a hearing would be held on the merits of the suspension.

The suspension hearing was held on January 19, 2023, before the Board's hearing examiner. On April 14, 2023, the hearing examiner recommended that the Board find that Mr. Dye had violated certain provisions of the Board's Rules of Professional Conduct and uphold the suspension. On May 16, 2023, the Board entered the *Final Decision and Order*, which adopted (with minor modifications) the hearing examiner's written recommendation. The Board upheld the suspension, finding in paragraphs four and five of its *Order*:

> 4. The Board adopts the recommendation of the Hearing Examiner and it is **ORDERED** that Respondent's summary suspension be upheld and remain in place until Respondent's disciplinary complaints pending before the Board are resolved.

---

Dickerson Complaint was filed on July 7, 2022, and the Vladu Complaint was filed on July 28, 2022. After receiving those complaints, the Board filed its own complaint against Mr. Dye on September 7, 2022. Dickerson and Vladu were the parties who filed the criminal complaints against Mr. Dye in their respective counties.

[3] West Virginia Code § 30-1-8(e)(1) states that a board is authorized to suspend or revoke a license without a hearing if, "the person's continuation in practice constitutes an immediate danger to the public[.]"

5. It is upon information and belief that Respondent is currently in jail due, in part, because of the aforementioned criminal charges pending against him. For that reason, it is further **ORDERED** that the Respondent's disciplinary cases will be held in abeyance until Respondent resolves the criminal charges pending against him.

It is from that *Order* that Mr. Dye now appeals.[4]

Our review of this matter is governed by the State Administrative Procedures Act, and it provides:

> The court may affirm the order or decision of the agency or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decision, or order are:
> (1) In violation of constitutional or statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the agency;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

W. Va. Code § 29A-5-4(g) (2021); *accord* W. Va. Code R. § 2-2-12 (2023) ("[a]ny party adversely affected by a final order or decision of the Board has the right to appeal such order or decision to the Intermediate Court of Appeals in accordance with W. Va. Code § 29A-5-4 and W. Va. Code § 51-11-4(b)(4).").

Despite its labeling to the contrary, we find that the Board's *Final Decision and Order* is not, in fact, a final order of the Board. The Board's ruling expressly states, in plain language, that Mr. Dye's disciplinary proceedings are not final and that those matters are stayed pending resolution of Mr. Dye's criminal charges. Also, the statutory and regulatory schemes governing the Board establish that its suspension ruling is not a final order.

The statutes and regulations specific to the Board's authority are found at West Virginia Code §§ 30-12-1 to -15 and West Virginia Code of State Rules §§ 2-2-1 to -12.

---

[4] According to the Board's brief, during the pendency of this appeal Mr. Dye pled guilty to the felonious offense of obtaining goods under false pretenses in one of the counties where he was indicted.

According to West Virginia Code § 30-12-8 (1990), the Board "may revoke, suspend, or annul a[n] [architect's] registration[.]" However, nothing within article twelve grants the Board authority to act summarily. Instead, the Board's authority to summarily suspend a license is derived from West Virginia Code § 30-1-8 (2005), a general statute which applies to every professional and occupational board listed under chapter 30. *See* W. Va. Code § 30-1-8(a) ("Every board referred to in this chapter may suspend . . . the license of any person . . . who has been found to have engaged in conduct, practices or acts constituting professional negligence or a willful departure from accepted standards of professional conduct."); W. Va. Code § 30-1-8(e)(1) (stating that without a prior hearing, "[a] board is authorized to suspend or revoke a certificate, license, registration or authority prior to a hearing if the person's continuation in practice constitutes an immediate danger to the public[.]").

In terms of judicial review, the Board's regulations state that only the Board's final orders may be appealed: "Any party adversely affected by a *final order or decision* of the Board has the right to appeal such order or decision to the Intermediate Court of Appeals in accordance with W. Va. Code § 29A-5-4 and W. Va. Code § 51-11-4(b)(4)." W. Va. Code R. § 2-2-12.1 (2023) (emphasis added).[5] In contrast, West Virginia Code § 30-1-8(j) (2005) states that "[a]ll *proceedings* under the provisions of this section are subject to review by the [intermediate] court of appeals." (emphasis added). However, this Court's jurisdiction and the governing standard of review applicable to Board appeals is limited to "final orders." *See* W. Va. Code § 51-11-4(b)(4) (2022) (limiting this Court's jurisdiction to: "Final judgments, orders, or decisions of an agency or an administrative law judge entered after June 30, 2022, heretofore appealable to the Circuit Court of Kanawha County pursuant to § 29A-5-4 or any other provision of this code."); W. Va. Code § 29A-5-4 (limiting the scope of judicial review to a final order or decision of an administrative agency).

The terms "final order" and "proceeding" are not defined by the applicable statutes or legislative rules. However, when afforded its plain meaning, a "final order" is defined as "[a]n order that is dispositive of the entire case." *Final Order, Black's Law Dictionary* (11th ed. 2019); *see also Final Judgment, Black's Law Dictionary* (11th ed. 2019) (the "last action that settles the rights of the parties and disposes of all issues in controversy[.]"). Conversely, the term "proceeding" refers to "[t]he regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment . . . [a]n act or step that is part of a larger action." *Proceeding, Black's Law Dictionary* (11th ed. 2019). Thus, because the statutes and rules governing this appeal only

---

[5] This reflects the legislative rule, as amended, effective June 8, 2023. However, we note that the former version of the rule also only permitted the appeal of the Board's final order. *See* W. Va. Code R. § 2-2-12.1 (2001): "An appeal from any final order entered in accordance with these rules shall comply with the provisions of W. Va. Code §§ 30-1-9 and 29A-6-1 et seq."

grant appellate review to final orders, the Board's decision following Mr. Dye's suspension proceeding under West Virginia Code § 30-1-8 is not a final order of the Board, but rather, only one part of the larger disciplinary action pending against Mr. Dye. Therefore, the Board's suspension of Mr. Dye is only reviewable on appeal once the Board enters a decision which meets the definition of a final order; in other words, once the Board issues an order disposing of the entire disciplinary proceeding, which as is clear from the record in this case, has yet to occur.

Accordingly, we dismiss this appeal as improvidently granted.

Dismissed.

**ISSUED:** April 22, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

5